UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06MJ2049 AGF |
| | ) | |
| GARY CANNON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER FINDING PROBABLE CAUSE
AND ORDERING PRETRIAL DETENTION**

On March 7, 2006, Defendant Gary Cannon was charged by criminal complaint with possession with intent to distribute in excess of 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a), and punishable under 21 U.S.C. § 841(b)(1)(B). Defendant was taken into federal custody on March 7, 2006, and had his initial appearance before the undersigned United States Magistrate Judge that same day. A hearing on the government's motion for pretrial detention and a preliminary examination were scheduled for March 9, 2006.

On March 9, 2006, Defendant appeared with his attorney, William Ekiss. The government was represented by Assistant United States Attorney John Davis. After conferring with his counsel and being informed by the Court of his legal right to a preliminary examination, Defendant knowingly and voluntarily waived his right to a preliminary examination and agreed to be bound over for further proceedings in this case. As such, the undersigned finds, based upon Defendant's waiver, that there is probable cause to believe that Defendant has committed the crime charged in the complaint.

With respect to the issue of pretrial detention, both parties had objections to the information contained in the Pretrial Services Report ("PSR") filed in this case. The government stated that the warrants out of Lincoln County referenced in ¶¶ 3 and 8 of the PSR have been dismissed, and the matter nolle prossed. Defendant represented that the February 5, 2005 matter referenced in ¶ 4 related to an arrest on March 2, 2004, that Defendant was not present when the controlled substances were seized from the residence, and that there are substantial evidentiary issues related to the case. With respect to the January 19, 2006 matter, Defendant asserts that the incident occurred in July 2003 and was re-filed, and that there are numerous evidentiary problems related to that charge as well. Subject to the foregoing objections and clarifications, the undersigned adopts and incorporates the information contained in the PSR.

In light of the nature of the charges asserted against Defendant, a rebuttable presumption arises under 18 U.S.C. § 3142(e) that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant as required and the safety of the community. In this instance, Defendant has asserted that he is not a flight risk, noting that he has ties to the community, is in compliance with all of his current bonds, and is operating a business. He further represented that his family has property valued at $200,000 which could be posted to secure his release.

Nevertheless, the Court finds that Defendant has not rebutted the statutory presumption that arises in this case. As set forth in the PSR, Defendant has repeatedly incurred new charges while on bond for previous offenses. Further, Defendant was on bond related to several prior charges when he is alleged to have committed the instant

offense. Moreover, there is strong evidence that Defendant was engaged in the manufacture of methamphetamine at the place of his residence. Defendant is also now facing serious charges that carry a mandatory minimum term of five years of imprisonment.

Based on the foregoing, and for the reasons set forth in the PSR, the undersigned finds that Defendant has not rebutted the statutory presumption and finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of other persons or the community. 18 U.S.C. § 3142(e) and (f).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant be held to answer any timely filed indictment, and this case is passed to **Thursday, April 6, 2006, at 4:00 p.m.**, for a conference on the status of the prosecution before the undersigned United States Magistrate Judge.

**IT IS FURTHER ORDERED** that the government's motion for pretrial detention is **granted**, and Defendant is ordered to be detained without bond pending the further order of this or another court of competent jurisdiction.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility

shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

_____
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 10th day of March, 2006.